NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**CHRISTOPHER CARDANI**
Christopher.Cardani@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:19-cr-00436-SI-39 |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ANGEL BARRERA,** | |
| Defendant. | |

**Introduction**

The United States of America submits this memorandum containing its sentencing recommendation for defendant Angel Barrera.

Defendant Barrera participated in a drug conspiracy during which he was intercepted on wiretaps purchasing methamphetamine and heroin for his own use and for distribution to others. He was charged with conspiring with a Drug Trafficking Organization to possess and deliver methamphetamine and heroin. A search warrant was obtained and served on defendant's

residence, resulting in the seizure of a distributable amount of heroin, and stolen and loaded firearms. Defendant was arrested and released on conditions in October 2019.

The parties negotiated a plea agreement, but before defendant was to plead guilty, he absconded from supervision in February 2020. He was a fugitive until he was arrested in March 2022. He was ordered detained. Defendant later pleaded guilty before this Court to Count One of the superseding indictment pursuant to a revised plea agreement. The parties have agreed to the sentencing guidelines applicable to the case. The Court should sentence defendant Barrera to a low-end guideline sentence.

**Factual Background**

A.  **The Offense Conduct**

The offense conduct and defendant's involvement are accurately set forth in paragraphs 25 through 52 of the presentence report (PSR). This defendant was a local drug dealer and drug user in Portland. He was caught in wiretap conversations spanning several months ordering methamphetamine and heroin from the DTO. Some of those intercepts are accurately chronicled in paragraphs 40-46 of the PSR.

After defendant was indicted as a participant in the DTO conspiracy, a search warrant was obtained and served at his Portland residence. Agents found and seized 166 grams of heroin in the living room, and trace amounts in other areas of the house. A loaded H&K 9mm pistol was found in a drawer in the same living room. Three additional firearms were found in the house. One was a stolen and loaded Glock handgun, found in the master bedroom. A loaded shotgun was seized in an upstairs storage room. An unloaded .22 caliber rifle was seized from this same room. (PSR at ¶47-50).

Following his arrest, defendant admitted to participating in the wiretap calls where he contacted two of the leaders of the local DTO cell to buy and sell methamphetamine and heroin. Defendant admitted to possessing all four of the firearms found in his house and said he acquired them for protection after setting up a runner of the DTO. He knew the handguns were loaded. Defendant told agents he sold drugs to about ten people. (PSR at ¶51-52).

**B.     The Charges**

Defendant was charged in Count One of the superseding indictment.

**C.     The Plea Agreement & Guideline Computations**

Defendant pleaded guilty to Count One. The parties agree that the drug quantity for defendant is 992 grams of methamphetamine and 641 grams of heroin, producing a base offense level of 30. The parties agree that a two-level enhancement is warranted for defendant's possession of a firearm. The parties further agree to reductions for minor role (-2 levels), and acceptance of responsibility (-3 levels). If these calculations are accepted by the Court, the adjusted offense level is 27. With a criminal history category of II, defendant's advisory sentencing range is 76-97 months.[1] Defendant is ineligible for safety valve relief because he possessed a firearm in connection with the drug crime to which he plead guilty. (PSR at ¶59). There is a 120-month mandatory minimum.

**Argument**

**A.     Government's Recommended Sentence**

The government agreed to recommend a low-end sentence, and does so. A low-end sentence is appropriate because: 1) defendant participated in the drug conspiracy for several

---

[1] Unlike many of his codefendants, no variance was offered to this defendant because he absconded from pretrial supervision.

**Government's Sentencing Memorandum**                                                                 **Page 3**

months and distributed heroin and methamphetamine to many drug-addicted individuals in our community; 2) defendant possessed loaded and stolen weapons; and 3) defendant's criminal history is extensive and, while most of it is old and non-violent, he has eluded law enforcement in a manner which has put others in harm's way. (PSR at ¶92-93).

### Mitigation

Defendant has submitted a confidential memorandum addressing personal circumstances which he claims warrants a lower sentence. The government has addressed those matters in its own submission under seal.

### Restitution & Forfeiture

Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the Preliminary Order of Forfeiture entered in this case becomes final as to the defendant at the time of sentencing. The government asks that it be made part of the sentence and included in the judgment.

### Conclusion

Based on the foregoing, the government recommends that this Court impose a low-end sentence, followed by a five-year term of supervised release, subject to the standard and special conditions set forth in the PSR.

Dated: November 23, 2022				Respectfully submitted,

							NATALIE K. WIGHT
							United States Attorney


							*/s/ Christopher Cardani*
							CHRISTOPHER CARDANI
							Assistant United States Attorney